COOLEY GODWARD LLP
WILLIAM S. FREEMAN (82002)
RICHARD D. NORTH III (225617)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
Email: wfreeman@cooley.com
rnorth@cooley.com

Attorneys for Defendants
DITECH COMMUNICATIONS CORP.,
TIMOTHY K. MONTGOMERY and WILLIAM J. TAMBLYN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. JAFFE, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DITECH COMMUNICATIONS CORP., TIMOTHY K. MONTGOMERY and WILLIAM J. TAMBLYN,<br><br>Defendants. | Case No. C 05 02406 JSW<br><br>CLASS ACTION<br><br>STIPULATION AND [PROPOSED] CONSOLIDATION ORDER<br><br>JURY TRIAL DEMANDED |
| GIANNI ANGELONI, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DITECH COMMUNICATIONS CORP., TIMOTHY K. MONTGOMERY and WILLIAM J. TAMBLYN,<br><br>Defendants. | Case No. C 05 02487 MJJ |

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

706668 v1/PA

STIPULATION AND [PROPOSED]
CONSOLIDATION ORDER
C 05 02406

PENG TANG, Individually And On Behalf of All Others Similarly Situated,

Plaintiff,

v.

DITECH COMMUNICATIONS CORP., TIMOTHY K. MONTGOMERY and WILLIAM J. TAMBLYN,

Defendants.

Case No. C 05 2564 PJH

Pursuant to FRCivP 16(e), civil L.R. 16-8(b), and Manual for Complex Litigation, Third §§ 21.12, 21.21 and 33.3 (1995), the parties stipulate, and the Court hereby orders, as follows:

**CONSOLIDATION OF RELATED CASES**

1. Each of the actions listed above and on Exhibit A is related to *Jaffe v. Ditech Communications Corp., et al.*, Civil Case No. C-05-02406 JSW within the meaning of Civil L.R. 3-12. Pursuant to FRCivP 42(a), these cases are hereby consolidated into Civil Action No. C-05-02406 JSW (the "Consolidated Action") for pretrial proceedings before this Court. The Consolidated Action shall be captioned: "*In re Ditech Communications Corp. Securities Litigation.*"

2. All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into the Consolidated Action for pretrial purposes. This Order shall apply to every such related action, absent order of the Court. A party that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within thirty (30) days after the date on which a copy of the order is mailed to the party's counsel, pursuant to Paragraph 7, *infra*.

3. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

/ / /

/ / /

/ / /

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

706668 v1/PA

1.

STIPULATION AND [PROPOSED]
CONSOLIDATION ORDER
C 05 02406

# MASTER DOCKET AND CAPTION

**4.** The docket in Civil Action No. C-05-02406 JSW shall constitute the Master Docket for this action.

**5.** Every pleading filed in the Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re DITECH COMMUNICATIONS CORP. SECURITIES LITIGATION. | ) ) ) | Master File No. C-05-02406 JSW |
| ──────────────────── | ) ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | |
| ──────────────────── | ) | |

**6.** The file in civil Action No. C-05-02406 JSW shall constitute a Master File for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Documents Relates To:". When a pleading applies only to some, not all, of the actions, the document shall list, immediately after the phrase "This Documents Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action (e.g., "No. C-03-_____ (Doe))."

**7.** The parties shall file a Notice of Related Cases pursuant to Civil L.R. 3-12 whenever a case that should be consolidated into the Consolidated Action is filed in, or transferred to, this District. If the Court determines that the case is related, the clerk shall:

    **(a)** place a copy of this Order in the separate file for such action;

    **(b)** serve on plaintiff's counsel in the new case a copy of this Order;

    **(c)** direct that this Order be served upon defendants in the new case; and

    **(d)** make the appropriate entry in the Master Docket.

///

///

///

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

706668 v1/PA

2.

STIPULATION AND [PROPOSED]
CONSOLIDATION ORDER
C 05 02406

## LEAD PLAINTIFF'S COUNSEL

8. After the Court has designated a Lead Plaintiff, pursuant to 15 U.S.C. § 78u-4(a)(3) (B), the Lead Plaintiff shall designate a law firm or firms to serve as Lead Plaintiff's Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead Plaintiff's Counsel shall have authority to speak for, and enter into agreements on behalf of, plaintiffs in all matters regarding pretrial procedures, discovery, and settlement negotiations. Lead Plaintiff's Counsel shall manage the prosecution of this litigation to avoid duplicative or unproductive activities. Lead Plaintiff's Counsel shall be responsible for coordination of all activities and appearances on behalf of plaintiffs and for dissemination of notices and orders. Lead Plaintiff's Counsel shall be responsible for communications with the Court. Lead Plaintiff's Counsel shall maintain a master service list of all parties and counsel.

9. Defendants' counsel may rely upon agreements made with Lead Plaintiff's Counsel. Such agreements shall be binding on all plaintiffs.

10. Any counsel of record for a party in the Consolidated Action who is not a member of the Bar of this District is hereby admitted to practice *pro hac vice* in this action.

## PLEADINGS AND MOTIONS

11. Defendants are not required to respond to the complaint in any action consolidated into the Consolidated Action, other than a consolidated complaint or a complaint designated as the operative complaint.

12. Lead Plaintiff shall file a consolidated complaint within forty-five (45) days after filing the order designating the Lead Plaintiff and Lead Plaintiff's Counsel, unless otherwise agreed upon by the parties. The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein.

13. Defendants shall respond to the consolidated complaint within forty-five (45) days after service, unless otherwise agreed upon by the parties. If defendants file any motions directed at the consolidated complaint, the opposition brief shall be filed within forty-five (45) days of the filing of that motion and the reply brief shall be filed within twenty (20) days of the filing of the opposition brief, unless otherwise agreed upon by the parties.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

706668 v1/PA                    3.                    STIPULATION AND [PROPOSED]
                                                      CONSOLIDATION ORDER
                                                      C 05 02406

14. The parties shall serve all papers on each other by hand, by overnight delivery, or (by prior agreement) by electronic mail or facsimile, unless otherwise agreed upon by the parties. Notwithstanding the foregoing, defendants may serve plaintiffs' counsel, other than Lead Plaintiff's Counsel, by first-class mail, unless otherwise agreed upon by the parties.

DATED: July 12, 2005

Jeff S. Westerman, Esq. (94559)
Elizabeth P. Lin, Esq. (174663)
Milberg Weiss Bershad & Schulman LLP
355 South Grand Avenue, Suite 4170
Los Angeles, CA 90071

/s/
**Counsel for Plaintiff Richard E. Jaffe**

DATED: July 12, 2005

William S. Freeman, Esq. (82002)
Richard D. North, Esq. (225617)
Cooley Godward LLP
Five Palo Alto Square, 3000 El Camino Real
Palo Alto, CA 94306

/s/
**Counsel for Defendants**

DATED: July 26, 2005

Robert S. Green, Esq. (136183)
Green Welling LLP
235 Pine Street, 15th Floor
San Francisco, CA 94104

/s/
**Counsel for Plaintiff Gianni Angeloni**

DATED: July 27, 2005

Robert S. Schubert, Esq. (62684)
Juden Justice Reed, Esq. (153748)
Willem F. Jonckheer, Esq. (178748)
Schubert & Reed LLP
Two Embarcadero Center, Suite 1660
San Francisco, CA 94111

/s/
**Counsel for Plaintiff Peng Tang**

THE FOREGOING STIPULATION IS APPROVED AND IS SO ORDERED.

DATED: July 28, 2005

/s/ Jeffrey S. White
United States District Court Judge

---

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

706668 v1/PA

4.

STIPULATION AND [PROPOSED]
CONSOLIDATION ORDER
C 05 02406

# EXHIBIT A

## Related Cases

*Richard E. Jaffe v. Ditech Communications Corp., Timothy K. Montgomery and William J. Tamblyn,* filed in the United States District Court for the Northern District of California on June 14, 2005, Case No. C-05-02406 JSW;

*Gianni Angeloni v. Ditech Communications Corp., Timothy K. Montgomery and William J. Tamblyn,* filed in the United States District Court for the Northern District of California on June 17, 2005, Case No. C-05-02487 MJJ; and

*Peng Tang v. Ditech Communications Corp., Timothy K. Montgomery and William J. Tamblyn,* filed in the United States District Court for the Northern District of California on June 22, 2005, Case No. C-05-2564 PJH.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

706668 v1/PA

STIPULATION AND [PROPOSED]
CONSOLIDATION ORDER
C 05 02406